926 So.2d 827 (2006)
STATE of Louisiana, Appellee,
v.
Jermaine CARROLL, Appellant.
No. 41,001-KA.
Court of Appeal of Louisiana, Second Circuit.
April 12, 2006.
*828 James E. Beal, Louisiana Appellate Project, Jonesboro, for Appellant.
Paul J. Carmouche, District Attorney, Lea Hall, Dhu Thompson, Ron Christopher Stamps, Assistant District Attorneys, for Appellee.
Before BROWN, C.J., and STEWART and MOORE, JJ.
BROWN, C.J.
A unanimous jury found defendant, Jermaine Carroll, guilty as charged of armed robbery. The trial court adjudicated defendant a second felony offender and imposed a sentence of 75 years at hard labor without the benefit of probation, parole or suspension of sentence. Defendant has appealed, claiming that his sentence is excessive and that the trial court incorrectly *829 denied him the benefit of parole. Finding no error, however, we affirm.

Discussion
On the morning of June 14, 2003, defendant approached Trish Porter, the store manager of the Diamond Shamrock on the corner of West 70th Street and Buncombe Road, as she was opening the store. While armed with a gun (a BB pistol concealed in a bag to look like a handgun) and with a white bandana covering all but his eyes, defendant forced his way into the store, locked the door behind him, and made Trish give him cash from the vault. Trish's fiancé, Mackers Turner, had driven Trish to work that morning and had seen defendant approach Trish, put a gun to her head, and coerce his way into the store.
Turner heard Trish scream from inside the store and threw the tire jack from the car through the front windows of the store in an attempt to trigger the store alarm. Turner ran into the street and tried to flag down passing motorists. Defendant came out of the store with Trish, pushed her down in the parking lot, and told Turner, "don't be a hero," before running across West 70th toward the Assembly of God Church. Turner successfully flagged down Shreveport Police Department Corporal Josh Feliciano, a K-9 officer, who, together with his dog Pecco, immediately began pursuit of defendant.
Shedding his outer shirt, a white bandana, plastic "drop" bags full of money, and the video surveillance tape from the Diamond Shamrock, defendant fled west before being apprehended at the Circle K on Pines Road. He was found in the men's restroom attempting to flush down the toilet some of the money he took from the Diamond Shamrock. Defendant was convicted as charged of armed robbery and sentenced to 75 years at hard labor without benefit.
On appeal, defendant urges that his sentence is excessive and that the trial court erred in imposing his sentence without the benefit of parole.
Louisiana Revised Statute 14:64 provides that a person who commits armed robbery shall be imprisoned at hard labor for not less than 10 nor more than 99 years without the benefit of probation, parole, or suspension of sentence. A person who is adjudicated a second felony offender shall be imprisoned for not less than one-half of the longest term nor more than twice the longest term prescribed for a first conviction. La. R.S. 15:529.1(A)(1). A defendant who is being sentenced as a second felony offender for armed robbery can be sentenced without the benefit of parole because this is provided for in the armed robbery statute. State v. Bruins, 407 So.2d 685 (La.1981); State v. McCurtis, 33,737 (La.App.2d Cir.), 769 So.2d 150 writ granted in part and remanded, 00-3080 (La.11/02/01), 800 So.2d 862.
Whether the sentence imposed is too severe depends on the circumstances of the case and the background of the defendant. A sentence violates La. Const. art. 1, § 20 if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Dorthey, 623 So.2d 1276 (La.1993); State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Hogan, 480 So.2d 288 (La.1985); State v. Bradford, 29,519 (La.App.2d Cir.04/02/97), 691 So.2d 864.
A trial court has broad discretion to sentence within the statutory limits. Absent a showing of manifest abuse of that discretion, we may not set aside a sentence *830 as excessive. State v. Guzman, 99-1528, 99-1753 (La.05/16/00), 769 So.2d 1158; State v. June, 38,440 (La.App.2d Cir.05/12/04), 873 So.2d 939.
Prior to imposing sentence, the court discussed several factors which were listed in defendant's pre-sentence investigation report and observed that defendant was 21 years old at the time of the instant offense. The court noted that defendant is a second felony offender who was previously convicted of simple burglary of an inhabited dwelling. The court also noted that defendant had a juvenile criminal history. The court carefully recited the facts of the case as related by the victim and other witnesses.
Responding to the sentencing guidelines, the court found that there was an undue risk that defendant would commit another crime. The court also observed that defendant was in need of correctional treatment and that any lesser sentence would deprecate the seriousness of his crime. The court commented that defendant showed no remorse for his conduct. The court took into consideration the victim's statement and concluded that this violent offense against the victim caused serious emotional trauma for her and her family.
The applicable sentencing range for a second felony offender convicted of armed robbery is 49 1/2 years to 198 years at hard labor without the benefit of parole, probation, or suspension of sentence. See La. R.S. 14:64 & 15:529.1; State v. McCurtis, supra. The trial court did not err in denying defendant the benefit of parole.
Nor do we find, on this record, constitutional error. Defendant is a second felony offender who has been convicted of simple burglary of an inhabited dwelling. The sentence imposed is less than one-half of the maximum sentence for a second felony offender who committed armed robbery, and is 24 years less than the maximum sentence that a defendant with no prior felony convictions could have received. Considering the specific facts and circumstances of this case, together with defendant's background, we find that the sentence is not grossly disproportionate to the severity of the offense nor does it shock our sense of justice.

Conclusion
For the foregoing reasons, defendant's conviction and sentence are AFFIRMED.