STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

12-1146


STATE OF LOUISIANA

VERSUS

DEMETRIUS D. NASH


**********

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 22567-09
HONORABLE D. KENT SAVOIE, DISTRICT JUDGE

**********

**MARC T. AMY**
**JUDGE**

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Marc T. Amy, and J. David Painter, Judges.

                                                        **AFFIRMED.**

**John F. DeRosier**
**District Attorney**
**Karen C. McLellan**
**Assistant District Attorney**
**Post Office Box 3206**
**Lake Charles, LA   70602-3206**
**(337) 437-3400**
**COUNSEL FOR APPELLEE:**
       **State of Louisiana**

**Edward J. Marquet**
**Post Office Box 53733**
**Lafayette, LA   70505-3733**
**(337) 237-6841**
**COUNSEL FOR DEFENDANT/APPELLANT:**
       **Demetrius D. Nash**

**Demetrius D. Nash**
**Avoyelles Correctional Center**
**1630 Prison Road**
**Cottonport, LA   71327**
**IN PROPER PERSON**

**AMY, Judge.**

The defendant was charged with attempted armed robbery and attempted armed robbery with a firearm. In separate cases, the defendant was charged with armed robbery and armed robbery with a firearm;[1] possession of stolen things; and a probation violation. Pursuant to a plea agreement, the State dismissed several of the charges, and the defendant pled guilty to attempted armed robbery in this case and an armed robbery charge in another case. The defendant also admitted his probation violation. Thereafter, the trial court sentenced the defendant to twenty years at hard labor, without benefit of probation, parole, or suspension of sentence for the attempted armed robbery charge. The trial court sentenced the defendant to thirty-five years at hard labor, without benefit of probation, parole, or suspension of sentence for the armed robbery conviction, and three years at hard labor for the probation violation. Further, the trial court ordered that all sentences be served consecutively. The defendant appeals. For the following reasons, we affirm.

## Factual and Procedural Background

The State alleged that the defendant, Demetrius D. Nash, approached Amy Jo Tartaglia[2] and Kayla Soileau as they were leaving an event at the Civic Center. Ms. Tartaglia and Ms. Soileau were using a baby stroller to transport a cooler and lawn chairs from the event. According to Ms. Tartaglia's testimony, the defendant approached Ms. Tartaglia and Ms. Soileau and pointed a gun at the stroller. Realizing that there was no child in the stroller, the defendant pointed the gun at Ms. Tartaglia and demanded money. Ms. Soileau ran, screaming for help, and Ms.

---

[1] As discussed further herein, with regard to the charges of armed robbery and armed robbery with a firearm, the defendant pled guilty to armed robbery. His conviction and sentence in that case are on appeal in *State v. Demetrius D. Nash*, 12-1147 (La.App. 3 Cir. _/_/_), __ So.3d __.

[2] Ms. Tartaglia's name is spelled variously as "Amy Joe" and "Tortaglia" in the record. We use the spelling in her testimony given at sentencing.

Tartaglia attempted to defend herself. Although Ms. Tartaglia was unable to disarm the defendant, he eventually ran away without taking anything from the two women.

The record indicates that the defendant was involved in another incident later that night. According to the State, the defendant and an accomplice approached two women, Morgan Abshire and Darlena Abshire, in a parking lot. After the defendant threatened the women with a gun, he and the accomplice took cash from both women and took Darlena's cell phone. Several minutes after the robbery, the defendant used the cell phone; one of the phone calls was to his mother's house. The State noted that this led to the defendant being identified as a suspect in both robberies.

In connection with the attempted robbery of Ms. Tartaglia and Ms. Soileau, the defendant was charged in docket number 22567-09 with attempted armed robbery, a violation of La.R.S. 14:27 and La.R.S. 14:64, and attempted armed robbery with a firearm, a violation of La.R.S. 14:27 and La.R.S. 14:64.3. In connection with the robbery of Morgan and Darlena Abshire, the defendant was charged under docket number 27791-09 with armed robbery, a violation of La.R.S. 14:64, and armed robbery with a firearm, a violation of La.R.S. 14:64.3.

The defendant agreed to plead guilty to attempted armed robbery and armed robbery and to admit to a probation violation. In return, the State dismissed the charges of attempted armed robbery with a firearm and armed robbery with a firearm. The State also dismissed a charge of possession of stolen things over $500 under another docket number. At the change of plea hearing, the defendant initially disagreed with the State's factual basis for the attempted armed robbery charges, and the trial court refused to accept the defendant's guilty plea. However,

2

after speaking with his attorney, the defendant indicated that he wanted to plead guilty to that charge, and the trial court accepted his guilty plea. The defendant also pled guilty to armed robbery and admitted his probation violation.

The trial court subsequently sentenced the defendant to twenty years at hard labor, without the benefit of probation, parole, or suspension of sentence for the attempted armed robbery conviction. For the armed robbery conviction, the trial court sentenced the defendant to thirty-five years at hard labor, without the benefit of probation, parole, or suspension of sentence. With regard to the probation violation, the trial court ordered that the defendant's probation be revoked and that he serve the previously suspended three-year term. The trial court ordered that all of the defendant's sentences run consecutively.

Thereafter, the defendant filed a motion for reconsideration, alleging that "very important mitigation evidence" was missing from the pre-sentence investigation, namely, that the defendant "was the victim of a serious crime of violence committed by his step-father who attempted to kill him and essentially left him for dead, and that this experience has been a factor in his development and ability to adapt in society." The trial court held a hearing on the defendant's motion. After hearing the evidence presented, the trial court found that the defendant had a traumatic experience when he was a young boy. However, the trial court declined to grant the defendant's motion for reconsideration, noting that the defendant failed to make good choices, showed no remorse for his actions, and "did not attribute very much of what his actions were" to the trauma he experienced as a child.

Herein, the defendant appeals his conviction and sentence for attempted armed robbery. The defendant's conviction and sentence for armed robbery is on

appeal in *State v. Demetrius D. Nash*, 12-1147 (La.App. 3 Cir. _/_/_), __ So.3d __. The defendant moved to consolidate briefing of the two cases on appeal. For this reason, we address the issues presented in both cases simultaneously.

The defendant appeals, asserting in his counseled brief that his sentence is unconstitutionally excessive. The defendant has also filed a pro se brief, asserting that his guilty plea was involuntary, that his sentence is excessive, and that the trial court was biased against him.

## Discussion

*Errors Patent*

Pursuant to La.Code Crim.P. art. 920, all criminal appeals are reviewed for errors patent on the face of the record. After reviewing the record, the court finds no errors patent.

*Invalidity of Guilty Plea*

The defendant contends that his guilty plea with regard to the charge of attempted armed robbery is invalid because it was a product of fear and coercion.[3] He also contends that his initial reticence to plead guilty should have put the trial court on notice of his claims of innocence and that the trial court accepted his guilty plea without having a substantial basis for the defendant's guilt.

In *State v. Johnson*, 04-1266, pp. 6-7 (La.App. 3 Cir. 2/2/05), 893 So.2d 945, 950, this court addressed the requirement that the trial court ascertain a factual basis in accepting a guilty plea, stating:

> Generally, a defendant waives the right to question the merits of the State's case or the underlying factual basis by entering a plea of guilt, or plea of *nolo contendere*. *State v. Brooks*, 38,963 (La.App. 2

---

[3] In his pro se brief, the defendant only argues that his guilty plea for the charge of attempted armed robbery is invalid. Accordingly, we only address the validity of the defendant's guilty plea for that charge.

4

Cir. 9/22/04), 882 So.2d 724[, *writ denied*, 04-2634 (La. 2/18/05), 896 So.2d 30]. "When a guilty plea is otherwise voluntary, there is no necessity to ascertain a factual basis for that plea unless the accused protests his innocence or for some other reason the trial court is put on notice that there is a need for such an inquiry. In that event, due process requires a judicial finding of a *significant factual basis* for the defendant's plea." *State v. Linear*, 600 So.2d 113, 115 (La.App. 2 Cir.1992); *See North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970).

Further, a guilty plea is not precluded even when a defendant communicates his belief that he is innocent to the trial court. *Linear*, 600 So.2d 113. In those cases, "[t]he presence of significant evidence of actual guilt provides a means by which the court may test whether a plea was intelligently entered." *Id.* at 115.

The record indicates that, at the change of plea hearing, the trial court advised the defendant as required by *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709 (1969), and advised the defendant of the potential sentencing exposure for each charge. The defendant denied that he was pleading guilty as a result of any force or coercion and confirmed that he had discussed the guilty pleas with his attorney. The State then offered the following factual basis for the defendant's charge of attempted armed robbery:

> 22567-09 is the attempted armed robbery. This occurred on May 15th, 2009 at the Civic Center. Amy Tortaglia [sic] and a student of hers, Kayla Soileau, were leaving a function at the Civic Center. They were approached by the defendant; he pulled a gun on them. Kayla Soileau ran. He demanded money from Amy Tortaglia [sic]. She put up a fight and started struggling with him, and I believe struck him a couple of times, and then he took the gun and left without getting any money from her. So it was an attempted armed robbery.

Thereafter, the defendant denied that he robbed anyone at the Civic Center.[4]

---

[4] The record indicates that the following exchange occurred:

THE COURT: Did you hear that, Mr. Nash?

MR. NASH: Yes, sir.

After a brief discussion about whether an *Alford* plea or no contest plea was appropriate, the defendant indicated that he wanted to plead no contest. However, the trial court initially rejected the defendant's guilty plea. The defendant did not contest the State's factual basis for the charge of armed robbery, and the trial court accepted the defendant's guilty plea for that charge. The defendant also admitted to a probation violation. However, after consulting with his attorney, the defendant indicated that he had changed his mind and wanted to "plead guilty to the

---

THE COURT:  Is that true, sir?

MR. NASH: Well, I said I ain't but -

THE COURT:  How you want to plead to the charge?

MR. NASH: Guilty.

THE COURT:  I don't understand, why are you shaking your head?  Did you hear what Mr. Kimball said -

MR. NASH: Yes, sir.

THE COURT: - about you pulled a gun on some people at the Civic Center on a particular date that he talked about,  -

MR. NASH: Yes, sir.

THE COURT:  - and that the lady struggled with you and you ran away and you got nothing from the attempted armed robbery?

MR. NASH: Yes, sir.

THE COURT:  And I asked you, did you hear it; you heard it?

MR. NASH: Yes, sir, I heard it.

THE COURT:  Is it true? Is what he said true?

MR. NASH: No, sir.

THE COURT: What's wrong with what he said?

MR. NASH: I ain't robbed the people at the Civic Center.

THE COURT: That's not the people at the Civic Center?

MR. NASH: I ain't robbed nobody at the Civic Center.

6

attempted armed robbery." The trial court then accepted the defendant's guilty plea as to that charge.

In this case, we find that the record contains a significant factual basis which allowed the trial court to test whether or not the defendant entered into his guilty plea intelligently. The factual basis provided by the State set forth all of the elements necessary for a conviction of the crime of attempted armed robbery. *See* La.R.S. 14:27 and 14:64. Further, in addition to the factual basis provided with regard to the attempted armed robbery at the Civic Center, the State offered a factual basis for the defendant's armed robbery charge and noted that the defendant's involvement in that offense "led us to develop him as a suspect and then he was, of course, identified in this one as well as the attempted robbery at the Civic Center." Additionally, before he consulted with his attorney, the defendant indicated that he would be willing to enter a no contest plea to the charge of attempted armed robbery.

The record indicates that "the trial court properly inquired into and investigated the factual bas[i]s for the guilty plea[] in light of defendant's temporary and vague assertion of innocence." *State v. Mack*, 45,552, p. 4 (La.App. 2 Cir. 8/11/10), 46 So.3d 801, 804. Viewing the transcript in its entirety, we conclude that the defendant knowingly and intelligently entered a guilty plea to the crime of attempted armed robbery in this case. *See also State v. Estes*, 42,093 (La.App. 2 Cir. 5/9/07), 956 So.2d 779, *writ denied*, 07-1442 (La. 4/2/08), 978 So.2d 324.

This assignment of error is without merit.

*Excessiveness of Sentence*

In both his counseled brief and his pro se brief, the defendant contends that his sentence is unconstitutionally excessive. Specifically, he contends that the trial court improperly ignored mitigating evidence and improperly relied on the incorrect factual conclusion that the defendant pointed a gun at a child, and that the trial court erred in imposing consecutive sentences.[5]

In *State v. Barling*, 00-1241, 00-1591, p. 12 (La.App. 3 Cir. 1/31/01), 779 So.2d 1035, 1042-43, *writ denied*, 01-838 (La. 2/1/02), 808 So.2d 331, a panel of this court addressed the review of excessive sentence claims, stating:

> La. Const. art. I, § 20 guarantees that, "[n]o law shall subject any person to cruel or unusual punishment." To constitute an excessive sentence, the reviewing court must find the penalty so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no measurable contribution to acceptable penal goals and is, therefore, nothing more than a needless imposition of pain and suffering. *State v. Campbell*, 404 So.2d 1205 (La.1981). The trial court has wide discretion in the imposition of sentence within the statutory limits and such sentence shall not be set aside as excessive absent a manifest abuse of discretion. *State v. Etienne*, 99-192 (La.App. 3 Cir. 10/13/99); 746 So.2d 124, *writ denied*, 00-0165 (La. 6/30/00); 765 So.2d 1067. The relevant question is whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate. *State v. Cook*, 95-2784 (La. 5/31/96); 674 So.2d 957, *cert. denied*, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996).

Further, this court has held that:

> In deciding whether a sentence is shocking or makes no meaningful contribution to acceptable penal goals, an appellate court may consider several factors including the nature of the offense, the circumstances of the offender, the legislative purpose behind the punishment and a comparison of the sentences imposed for similar crimes. *State v. Smith*, 99-0606 (La. 7/6/00); 766 So.2d 501. While a comparison of sentences imposed for similar crimes may provide

---

[5] The trial court also imposed a three-year hard labor sentence for the defendant's probation violation. In his pro se brief, the defendant mentions that the consecutive nature of his sentence for the probation violation is excessive. The defendant's sentence in that matter was imposed under a separate docket number and is not on appeal in either this case or in docket number 12-1147.

> some insight, "it is well settled that sentences must be individualized to the particular offender and to the particular offense committed." *State v. Batiste*, 594 So.2d 1 (La.App. 1 Cir.1991). Additionally, it is within the purview of the trial court to particularize the sentence because the trial judge "remains in the best position to assess the aggravating and mitigating circumstances presented by each case." *State v. Cook*, 95-2784 (La. 5/31/96); 674 So.2d 957, 958.

*State v. Smith*, 02-719, p. 4 (La.App. 3 Cir. 2/12/03), 846 So.2d 786, 789, *writ denied*, 03-562 (La. 5/30/03), 845 So.2d 1061.

We observe that, absent a motion that asserts specific grounds for reconsideration of the sentence imposed, a defendant is limited to a bare excessiveness review of his or her sentence. *State v. Runyon*, 06-823 (La.App. 3 Cir. 12/6/06), 944 So.2d 820, *writ denied*, 07-49 (La. 9/21/07), 964 So.2d 330. The record indicates that the defendant filed a motion for reconsideration which alleged that mitigation evidence had come to light which warranted reconsideration by the trial court and that the defendant's sentence was excessive, especially due to the consecutive nature of the sentences.

The trial court is required to take into consideration the aggravating and mitigating factors delineated in La.Code Crim.P. art. 894.1, and to state the considerations taken into account and the factual basis therefor into the record. *See State v. Decuir*, 10-1112 (La.App. 3 Cir. 4/6/11), 61 So.3d 782. Although the record should indicate that the trial court adequately considered those guidelines, there is no requirement that that trial court list every aggravating or mitigating circumstance. *Id. See also State v. Smith*, 433 So.2d 688 (La.1983). "The important elements which should be considered are the defendant's personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of offense, and the likelihood of rehabilitation." *Decuir*, 61 So.3d at 785 (quoting *State v. Scott*, 36,763 (La.App. 2 Cir. 1/29/03), 836 So.2d

1180). If the offense to which the defendant has pled guilty does not adequately describe the entire course of the defendant's conduct, the trial court may consider the benefit obtained by the defendant pursuant to plea bargain, especially in those cases where the plea bargain results in a significant reduction in the defendant's sentencing exposure. *State v. Williams*, 02-707 (La.App. 3 Cir. 3/5/03), 839 So.2d 1095.

However, even if the trial court does not comply with the requirements of Article 894.1, if an adequate factual basis for the sentence is contained in the record, there is no need for the appellate court to remand for resentencing. *State v. Bey*, 03-277 (La.App. 3 Cir. 10/15/03), 857 So.2d 1268.

The defendant particularly objects to the trial court's reliance on the erroneous factual conclusion that the defendant "pointed a gun at a child." We find no merit to the defendant's argument in this regard. The record indicates that one of the victims, Ms. Tartaglia, testified at the sentencing hearing that Mr. Nash pointed his gun at a baby stroller she was using to transport lawn chairs and an ice chest. According to Ms. Tartaglia, once Mr. Nash realized that there was not a child in the stroller, he pointed the gun at her. The following exchange occurred later:

THE COURT: . . . . Why would you pull a gun, point it at a child?--

MR. NASH: I ain't--

THE COURT: -- what you thought was a child --

MR. NASH: I ain't point it at no child.

THE COURT: I understand you didn't point it at a child, but you pointed it at a baby stroller where a child would normally have been seated.

10

Thus, we find no support in the record for the defendant's assertion that the trial court inappropriately relied on an erroneous conclusion of fact in sentencing the defendant. Although the trial court initially misspoke, the defendant objected to the trial court's characterization of the defendant's actions. The trial court's factual statements are supported by Ms. Tartaglia's testimony and are not manifestly erroneous.

With regard to the trial court's consideration of the guidelines delineated in La.Code Crim.P. art. 894.1, the record indicates that the trial court was privy to a pre-sentence investigation. The defendant's trial counsel stated at the sentencing hearing that he had the opportunity to review the pre-sentence investigation with the defendant and that he did not see anything "glaringly inaccurate."[6] Although the pre-sentence investigation is not contained in the record, the record reveals that the defendant was twenty-one years old at sentencing. The record also indicates that the defendant had an unspecified "long history of criminal activity." Specifically, the record indicates that the defendant was on probation for a felony charge of simple burglary at the time the crimes herein were committed. When questioned by the trial court, the State noted that the defendant's prior conviction actually consisted of two thefts and two burglaries. Further, the defendant had a long history of drug abuse and mental issues, which the trial court noted may have been connected to the defendant's use of PCP.

The defendant also complains that the trial court failed to take into consideration that he had been the victim of a serious crime when he was a young

---

[6] The defendant's trial counsel also testified at the defendant's motion for reconsideration. In his testimony, trial counsel testified about his general procedure in reviewing a pre-sentence investigation but was unsure of whether he received the pre-sentence investigation the day of sentencing or before sentencing.

child. The defendant filed a motion for reconsideration on that basis, and the evidence presented at that hearing was that, when the defendant was eight years old, the defendant's stepfather strangled him and left him for dead. The defendant was hospitalized for several weeks as a result of the attack. Subsequently, the defendant's stepfather was tried for attempted second-degree murder, and the defendant, then twelve years old, testified at the trial. The stepfather was convicted of attempted manslaughter and sentenced, as a habitual offender, to twenty-five years at hard labor. The former assistant district attorney who prosecuted the stepfather testified that the defendant was "closed off and angry" after the case.

At the hearing on the motion for reconsideration, the trial court found that the defendant had suffered a traumatic event when he was young but that the defendant himself did not consider the incident to be significant. The trial court also noted that the defendant reported the incident to the probation officer who compiled the pre-sentence investigation and that it was contained therein. The trial court denied the defendant's motion for reconsideration, noting that the defendant started making bad choices when he was very young, that he showed no remorse when he was in front of the court, and that he "failed woefully to impress[the trial court] in any shape, form or fashion."

Based on this review, we find that the record clearly indicates that the trial court considered several of the factors delineated in La.Code Crim.P. art. 894.1. Although the trial court did not delineate every aggravating and mitigating factor therein, there is sufficient evidence in the record to conclude that the trial court adequately considered those guidelines.

With regard to the defendant's contention that his sentence is unconstitutionally excessive, the record indicates that the defendant pled guilty to attempted armed robbery, a violation of La.R.S. 14:27 and La.R.S. 14:64, and armed robbery, a violation of La.R.S. 14:64. The crime of armed robbery carries a potential sentence of "not less than ten years and for not more than ninety-nine years, without benefit of parole, probation, or suspension of sentence." La.R.S. 14:64(B). The crime of attempted armed robbery carries a maximum potential sentence of forty-nine and one-half years, without benefit of parole, probation, or suspension of sentence. *See* La.R.S. 14:27(D)(3); *State v. Brown*, 09-884 (La.App. 4 Cir. 3/31/10), 36 So.3d 974, *writ denied*, 10-1120 (La. 4/29/11), 62 So.3d 105.

The record indicates that the defendant was sentenced to twenty years at hard labor, without the benefit of probation, parole, or suspension of sentence for the charge of attempted armed robbery. For the charge of armed robbery, the defendant was sentenced to thirty-five years at hard labor, without the benefit of probation, parole, or suspension of sentence. Further, the defendant admitted to a parole violation and the trial court imposed the previously suspended three-year hard labor sentence in that case. The trial court also ordered that all of the defendant's sentences run consecutively.

The record indicates that the defendant committed two serious offenses, both involving the use of a firearm. *See State v. Mason*, 10-284, p. 15 (La.App. 5 Cir. 1/11/11), 59 So.3d 419, 429 ("Armed robbery is a most serious crime and should be dealt with very sternly."), *writ denied*, 11-306 (La. 6/24/11), 64 So.2d 216. The defendant's sentences are not maximum sentences. Even so, sentences of thirty-five to fifty years have been found acceptable even for first offenders convicted of armed robbery. *Id*. (citing *State v. Duncan*, 09-232 (La.App. 5 Cir. 11/10/09), 28

So.3d 410). The defendant is not a first felony offender. According to the record, the defendant had at least one prior felony offense, for which he was on probation when these crimes occurred. We also observe that the defendant's sentencing exposure was reduced pursuant to his plea agreement with the State. *Williams*, 839 So.2d 1095. Given these circumstances, the trial court did not abuse its discretion in imposing a twenty-year hard labor sentence for the crime of attempted armed robbery and a thirty-five year hard labor sentence for the crime of armed robbery. *See also State v. Carroll*, 41,001 (La.App. 2 Cir. 4/12/06), 926 So.2d 827, *writ denied*, 06-1470 (La. 12/15/06), 944 So.2d 1283. Accordingly, we find that the defendant's individual sentences are not unconstitutionally excessive. *See Barling*, 779 So.2d 1035; *Smith*, 846 So.2d 786.

The defendant also contends that his sentences are unconstitutionally excessive because the trial court ordered that they be served consecutively. Louisiana Code of Criminal Procedure Article 883 states, in relevant part:

> If the defendant is convicted of two or more offenses based on the same act or transaction, or constituting parts of a common scheme or plan, the terms of imprisonment shall be served concurrently unless the court expressly directs that some or all be served consecutively. Other sentences of imprisonment shall be served consecutively unless the court expressly directs that some or all of them be served concurrently.

Although concurrent sentencing is favored where the offenses arise out of the same course of conduct, the trial court has the discretion to impose consecutive sentences "based on factors including the defendant's criminal record, the severity or violent nature of the crimes, or the danger the defendant poses to the public." *Runyon*, 944 So.2d at 831 (citing *State v. Thomas*, 98-1144 (La. 10/9/98), 719 So.2d 49). However, where the trial court imposes consecutive sentences, it must

14

articulate a particular justification for doing so beyond the standard sentencing guidelines contained in La.Code Crim.P. art. 894.1. *Runyon*, 944 So.2d 820.

Even assuming that the defendant's crimes were part of the same act or transaction or that they constituted part of a common scheme or plan, we find that the trial court sufficiently articulated a particular justification for imposing consecutive sentences. The record indicates that, in addition to the information provided in the pre-sentence report concerning the effect of the defendant's actions on the victims of his crimes, the trial court heard the testimony of Ms. Tartaglia.

Ms. Tartaglia testified as to the lingering effects of the defendant's crime, including PTSD, panic attacks and nightmares. Further, the trial court commented on the defendant's criminal history, including the fact that he was on probation when he committed the instant crimes. The trial court was particularly impressed that the defendant pointed a weapon at a baby stroller, although the trial court acknowledged that there was no child in the stroller at the time the defendant pointed the gun at the stroller. We also observe that, at the motion for reconsideration, the trial court associated the defendant's denial that he pointed a gun at the stroller with a lack of remorse. Thus, we find that the trial court articulated a particular justification for the imposition of consecutive sentences. *See State v. Hawkins*, 06-1599 (La.App. 3 Cir. 5/2/07), 956 So.2d 146, *writ denied*, 07-1156 (La. 12/7/07), 969 So.2d 627; *Runyon*, 944 So.2d 820. The trial court did not err in imposing consecutive sentences.

Based on our review of the record, we find that the trial court sufficiently considered the aggravating and mitigating circumstances delineated in La.Code Crim.P. art. 894.1 and that the trial court did not abuse its discretion in imposing either the defendant's individual sentences or in ordering them to be served

15

consecutively.  Accordingly, we find that the defendant's sentences for attempted armed robbery and armed robbery are not "so grossly disproportionate to the severity of the crime as to shock our sense of justice." *Barling*, 779 So.2d 1035, 1042.  The defendant's assignments of error in this regard are without merit.

*Bias on the Part of the Trial Judge*

In his remaining pro se assignment of error, the defendant contends that the trial court was biased against him.  Louisiana Code of Criminal Procedure Article 674 addresses the procedure for recusation of judges, stating, in relevant part,that:

> A party desiring to recuse a trial judge shall file a written motion therefor assigning the ground for recusation.  The motion shall be filed prior to commencement of the trial unless the party discovers the facts constituting the ground for recusation thereafter, in which event it shall be filed immediately after the facts are discovered, but prior to verdict or judgment.

Our review of the record reveals that the defendant did not file a motion to recuse or otherwise make any allegations of bias prior to asserting this issue on appeal.  Because the defendant failed to present this issue to the trial court, it is waived on appeal.  *State v. Williams*, 580 So.2d 448 (La.App. 5 Cir. 1991).  Thus, we do not consider the defendant's argument in this regard.

**DECREE**

For the foregoing reasons, the conviction and sentence of the defendant, Demetrius D. Nash, for attempted armed robbery, a violation of La.R.S. La.R.S.14:27 and La.R.S. 14:64, are affirmed.

**AFFIRMED.**

16