# STATE OF LOUISIANA

## COURT OF APPEAL, THIRD CIRCUIT

### 22-624

**STATE OF LOUISIANA**

**VERSUS**

**DEMETRIUS D. NASH**

**********

ON SUPERVISORY WRIT OF REVIEW FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 22567-09
HONORABLE DERRICK D. KEE, JUDGE PRESIDING

**********

## VAN H. KYZAR
### JUDGE

**********

Court composed of Shannon J. Gremillion, Van H. Kyzar, and Jonathan W. Perry, Judges.

**WRIT GRANTED AND MADE PEREMPTORY.
APPLICATION FOR POST-CONVICTION RELIEF DENIED.**

**Stephen C. Dwight**
**District Attorney – 14th Judicial District**
**David S. Pipes**
**Assistant District Attorney**
**901 Lakeshore Drive, Suite 800**
**Lake Charles, LA 70601**
**Telephone: (337) 437-3400**
    **Counsel for State of Louisiana**

**Charlie J. Draughter, Jr.**
**Junior Esquire, LLC**
**4310 Ryan Street, Suite 123**
**Lake Charles, LA 70605**
**Telephone: (337) 485-9353**
    **Counsel for Defendant – Demetrius D. Nash**

**KYZAR, J.**

The State applies for a writ of review after the trial court granted a 2019 application for post-conviction relief by Defendant claiming ineffective assistance of counsel and a claim of actual innocence based on the affidavit of a witness and co-defendant, who later recanted earlier statements to law enforcement as to Defendant's involvement, after the co-defendant pled guilty. The background of the case and its procedural posture are necessary to fully consider the claim.

On June 21, 2010, Defendant pled guilty to one count of attempted armed robbery under docket number 22567-09. He also pled guilty to armed robbery occurring the same day under another docket number. According to this record and statements of Defendant's counsel during arguments, the armed robbery and attempted armed robbery took place on the same day within a twenty-minute time span, and within two blocks of each other. The attempted armed robbery occurred first, followed by the completed armed robbery. On October 13, 2010, Defendant was sentenced to twenty years for attempted armed robbery. He was sentenced to thirty-five years on the other charge, with the sentences to run concurrently. Around May 7, 2012, Defendant was granted an appeal. On appeal, Defendant asserted his sentence was constitutionally excessive and his guilty plea to attempted armed robbery was not knowingly and voluntarily made. On April 3, 2013, this court affirmed Defendant's conviction and sentence for attempted armed robbery. *State v. Nash*, 12-1146 (La.App. 3 Cir. 4/3/13), 112 So.3d 409. The complete facts are set forth in this court's opinion.

> The State alleged that the defendant, Demetrius D. Nash, approached Amy Jo Tartaglia and Kayla Soileau as they were leaving an event at the Civic Center. Ms. Tartaglia and Ms. Soileau were using a baby stroller to transport a cooler and lawn chairs from the event. According to Ms. Tartaglia's testimony, the defendant approached Ms. Tartaglia and Ms. Soileau and pointed a gun at the stroller. Realizing that there was no child in the stroller, the defendant pointed the gun at

Ms. Tartaglia and demanded money. Ms. Soileau ran, screaming for help, and Ms. Tartaglia attempted to defend herself. Although Ms. Tartaglia was unable to disarm the defendant, he eventually ran away without taking anything from the two women.

The record indicates that the defendant was involved in another incident later that night. According to the State, the defendant and an accomplice approached two women, Morgan Abshire and Darlena Abshire, in a parking lot. After the defendant threatened the women with a gun, he and the accomplice took cash from both women and took Darlena's cell phone. Several minutes after the robbery, the defendant used the cell phone; one of the phone calls was to his mother's house. The State noted that this led to the defendant being identified as a suspect in both robberies.

In connection with the attempted robbery of Ms. Tartaglia and Ms. Soileau, the defendant was charged in docket number 22567-09 with attempted armed robbery, a violation of La.R.S. 14:27 and La.R.S. 14:64, and attempted armed robbery with a firearm, a violation of La.R.S. 14:27 and La.R.S. 14:64.3. In connection with the robbery of Morgan and Darlena Abshire, the defendant was charged under docket number 27791-09 with armed robbery, a violation of La.R.S. 14:64, and armed robbery with a firearm, a violation of La.R.S. 14:64.3.

The defendant agreed to plead guilty to attempted armed robbery and armed robbery and to admit to a probation violation. In return, the State dismissed the charges of attempted armed robbery with a firearm and armed robbery with a firearm. The State also dismissed a charge of possession of stolen things over $500 under another docket number. At the change of plea hearing, the defendant initially disagreed with the State's factual basis for the attempted armed robbery charges, and the trial court refused to accept the defendant's guilty plea. However, after speaking with his attorney, the defendant indicated that he wanted to plead guilty to that charge, and the trial court accepted his guilty plea. The defendant also pled guilty to armed robbery and admitted his probation violation.

The trial court subsequently sentenced the defendant to twenty years at hard labor, without the benefit of probation, parole, or suspension of sentence for the attempted armed robbery conviction. For the armed robbery conviction, the trial court sentenced the defendant to thirty-five years at hard labor, without the benefit of probation, parole, or suspension of sentence. With regard to the probation violation, the trial court ordered that the defendant's probation be revoked and that he serve the previously suspended three-year term. The trial court ordered that all of the defendant's sentences run consecutively.

*Id.* at 411-12 (footnote omitted).

2

A writ was taken to the Louisiana Supreme Court but was not considered as it was untimely filed pursuant to La.S.Ct. Rule X § 5. *State ex rel. Nash v. State*, 16-1468 (La.2016), 208 So.3d 381. Accordingly, the conviction and the sentence became final 14 days after the decision of this court on appeal, which was rendered April 3, 2013. La.Code Crim.P. art. 922. Any application for post-conviction relief was required to be filed within two years from the finality of the conviction. La.Code Crim.P. art. 930.8; *State v. Allen*, 54,153 (La.App. 2 Cir. 12/15/21), 331 So.3d 1101. Thus, the deadline for filing a petition for post-conviction relief was April 17, 2015.

On or about March 11, 2019, many years after the deadline for the filing of such, Defendant filed a second application for post-conviction relief with the trial court. In this second application, Defendant asserted actual innocence based on the recantation of Jesse Thomas, a witness and co-defendant who had given statements to investigators implicating Defendant. Defendant also argued ineffective assistance of counsel, alleging his attorney convinced him to plead guilty despite Defendant professing his innocence. On July 10, 2019, the trial court denied the application as untimely. Defendant applied to this court for a writ of review. On June 11, 2021, this court found Defendant's ineffective assistance of counsel claims regarding counsel's advice to plead guilty to be untimely, but remanded the actual innocence claim to the trial court for a determination as to whether an exception to the timeliness requirement of La.Code Crim.P. art. 930.8 applied. This court did not consider Defendant's claim about counsel's failure to present mitigating factors at sentencing. *State v. Nash*, 19-650 (La.App. 3 Cir. 6/11/21) (unpublished opinion). The full opinion as to this writ follows:

> **WRIT DENIED, IN PART; WRIT GRANTED AND MADE PEREMPTORY, IN PART:** Relator seeks review of the trial court's July 10, 2019 denial of his March 11, 2019 application for post-conviction relief. Relator's assignment of error asserting his constitutional rights to effective assistance of counsel were violated

3

when his trial counsel failed to present mitigating factors prior to and during sentencing was not presented in his application for post-conviction relief filed in the trial court. Therefore, it is beyond the scope of this court's review. See Uniform Rules—Courts of Appeal, Rule 1-3.

In his application for post-conviction relief, Relator asserted his counsel was ineffective for advising Relator to plead guilty when relator professed his innocence. Relator's convictions and sentences became final in April 2013; therefore, Relator had until April 2015 to file for post-conviction relief. La.Code Crim.P. art. 930.8. Relator's application for post-conviction relief was filed on March 11, 2019. As this claim was known to Relator at the time of his plea and as the claim is not related to the alleged newly discovered evidence, his application for post-conviction relief was untimely filed as to this claim.

In his final claim, Relator asserts in February 2018, he became aware of an affidavit of Jesse Thomas, the State's main witness, which recanted his prior statement to police that Relator was involved in the crimes for which he pled guilty. Relator asserts the affidavit of Mr. Thomas qualifies as an exception to the time limitation of La.Code Crim.P. art. 930.8. We find the trial court erred in denying Relator's application for post-conviction relief as to this claim. *State v. Kang*, 18-155 (La.App. 5 Cir. 1/9/19), ___ So.3d ___; *Alvarez v. State*, 18-345 (La.App. 5 Cir. 9/12/18) (unpublished opinion), *writ denied*, 18-1693 (La. 5/20/19), 271 So.3d 200. Therefore, we remand the case for a hearing at which the trial court should address whether an exception to La.Code Crim.P. art. 930.8's time limitation was established based on the affidavit of Jesse Thomas, and if so, whether there is merit to Relator's claim.

Accordingly, the only issue before the trial court on remand was whether there was an exception to the two-year limitation for the filing of the application for post-conviction relief as to the allegation of actual innocence, and if so, whether Defendant has established such a claim on its merits.

The parties appeared for a hearing on the application for post-conviction relief following our grant of Defendant's writ and remand for a hearing on the sole issue of whether the affidavit of the recanting witness provided an exception to the two-

4

year statute of limitations for the filing of an application for such relief. The hearing took place May 19, 2022.[1]

While the minutes of court for May 19, 2022 reflect that "the Court defers ruling to July 27, 2022 to allow the State and defense an opportunity to present argument on new facts of the case[]" and that "[t]he Court orders all pre-trial memorandums submitted in writing to the Court by June 20, 2022[,]" the transcript from the hearing reveals the ruling was much more than a deferral, but an actual ruling on the application in part, and a deferral of the issue of ineffective assistance of counsel. "[I]t is well settled that when the minutes and the transcript conflict, the transcript prevails." *State v. Wommack*, 00-137, p. 4 (La.App. 3 Cir. 6/7/00), 770 So.2d 365, 369, *writ denied*, 00-2051 (La. 9/21/01), 797 So.2d 62. The complete decision of the trial court as to all issues related to the post-conviction application at the conclusion of the May 19, 2022 hearing follows:

> As it relates to the actual innocence argument, under Louisiana Code of Criminal Procedure, Article 92 -- 926.2, we look at (b), "to assert a claim of factual innocence under this Article, a Petitioner shall present new, reliable and non-cumulative evidence that would be legally admissible at trial and that was not known or discoverable at or prior to trial." We didn't have a trial in this matter. But they said that that evidence must be scientific in nature, forensic in nature, physical or non-testimonial documentary evidence. Or testimonial evidence that is corroborated by evidence of those types; scientific, forensic, physical or non-testimonial. Further, it goes on to say to prove that you're entitled to relief you must show that when viewed in a light that is -- when viewed in a light of all of the relevant evidence, including the evidence that was admitted at trial and any evidence that was introduced by the State, any response that is filed or at any evidentiary hearing, proves by clear and convincing evidence that had the new evidence been presented at trial, no rational juror could have found the Petitioner guilty beyond a reasonable doubt or either the offense of conviction or any felony offense that was a responsive verdict to the offense of conviction at the time of the conviction. So no reasonable jury could have found that he was guilty based on the evidence. The Court denies

---

[1]The hearing actually concerned two matters. The first was a motion by the Defendant for a post-conviction plea agreement attempting to convince the court to allow him to alter the terms of his original plea agreement, pursuant to La.Code Crim.P. art. 930.10. This motion was denied, as the article does not allow for any such motion to be granted unless it is with the concurrence of the State, which it was not in this case.

the Motion on this basis as well, that he's -- that there's a claim for actual innocence. Clearly, there was other evidence, the evidence that was raised in this hearing was not forensic, was not physical, was not a scientific -- and it was not non-testimonial in nature. It was a testimonial Affidavit and that Affidavit is not sufficient. In fact, that Affidavit raises more questions than it gives answers. And I don't think that that's clear and convincing evidence of his innocence. Honestly, I don't believe that DNA is the only way to prove somebody is actually innocent. I'm not a person who walks that line, but based on that presentation, just of the testimony of what was deemed a recanting co-conspirator by the State does not equal clear and convincing evidence. However, as I looked at the Third Circuit decision, the Third Circuit granted the Writ in part and denied the Writ in part on a peremptory basis based on the fact that they thought the sum of the arguments that were being raised were outside of the scope of the Post -Conviction Hearing. Specifically, the -- that the -- that his counsel failed to present mitigating factors prior to and during sentences. During the sentence, the Court said that was not within the scope of his Post-Conviction Application. And because of that the Court has already determined that we need to, number one, limit the scope of this hearing and that they were not giving me full breadth opportunity to just delve into all possible p[o]st-conviction arguments. However, the Court also indicates that in Mr. Nash's Application for Post-Conviction Relief, that the Relator asserted his counsel was ineffective for advising Relator to plead guilty when Relator professed his innocence. Relator's conviction -- and Relator's conviction and sentence, which became final on April, 2013. The Court has dealt with the Defendant's Profession of Innocence in the second paragraph of its analysis and it indicates that the time period for filing an Application for Post -Conviction Relief based on or related to the discovery of newly discovered evidence had passed. And that claim is untimely, so the Court is not at liberty to address the timeliness or even any merit to the -- to any newly discovered evidence argument. That is not within my purview. The only thing that the Court allows me to do at this point is to make a determination as to whether the time limits under Article 930.8 should be -- whether the Defendant has reached -- has shown that the Thomas Affidavit is an exception to the time limits in Article 930.8. The Court finds that the Affidavit of Mr. Jessie Thomas does fall within the exceptions and, thus, the time limit should be extended and it should give him the opportunity to raise those issues that, otherwise, he wouldn't be able to raise. Not the old issues that the Court has already decided, but those issues as it relates to the Post -Conviction Relief Arguments associated with the newly discovered Affidavit, not the newly discovered evidence, the new Affidavit. That Affidavit raises some serious questions as to the content in Joint Exhibit 1 and 2. First, on -- at the plea, at the time of the plea in Joint 1, it is clear that Mr. Nash tries relentlessly to assert, "I had nothing to do with that baby stroller incident and that other lady". He's relentlessly trying to, in fact, the Judge in that case indicates that he's going to not accept the plea on that charge. Then at sentencing, again, he re-engages that argument, wait, wait, wait, I can't agree -- this lady just came up here and said

some things that I have never agreed to and now I'm here with more color and I don't agree to it now. And then Jessie Thomas in his Affidavit comes in and says he didn't do it. In my view, it raises some serious questions about the -- whether or not he was freely and voluntarily and without pressure and duress accepting the factual basis and taking a plea on that day. And I don't know how the Court could accept the factual basis at that time based on his relentless objection to those facts, his remaining steadfast in not accepting those facts at sentencing and Jessie Thomas saying that didn't happen. So, because of that, I'm going to give the parties an opportunity to brief that issue and that issue alone, whether or not me finding that 930.8, timeliness exception, now gives me the ability to find that Mr. Nash was not free and voluntary at the time of plea and that he took the plea under duress and all of that falls within his post-conviction arguments that he made. Which we're now, I find, because of the Jessie Thomas Affidavit, to be timely. So, I'm going to set a new date for y'all to argue that point and that point alone. And then we'll make a decision whether or not we'll grant the Post-Conviction Relief on those basis. Any questions counsel?

Clearly, the trial court denied Defendant's post-conviction actual innocence claim in the ruling. However, it relied on La.Code Crim.P. art. 926.2 in its reasoning for its denial of the claim, though the provision was not in effect at the time of the filing of Defendant's post-conviction relief application in 2019, having only been added by 2021 La.Acts No. 104 and becoming effective August 1, 2021. Prior thereto, the only statutory basis for a post-conviction petition asserting actual innocence involved post-conviction DNA evidence pursuant to La.Code Crim.P. art. 926.1, which had originally been enacted in 2001. However, the Louisiana Supreme Court had considered a non-DNA-based claim of actual innocence as a post-conviction relief application in a per curium writ opinion.

> Writ granted; conviction and sentence reinstated. The district court could not and did not grant a motion for a new trial, since Conway did not file one and if he had he would have filed it untimely. La.C.Cr.P. art. 853. Properly viewing Conway's second filing at the district court as a supplement to his application for post-conviction relief, and assuming that a claim of "actual innocence" not based on DNA evidence under La.C.Cr.P. art. 926.1 is cognizable on collateral review under La.C.Cr.P. art. 930.3, *see Ex parte Elizondo*, 947 S.W.2d 202, 205 (Tex.Cr.App.1996); *Summerville v. Warden*, 229 Conn. 397, 641 A.2d 1356, 1369 (1994); *People v. Washington*, 171 Ill.2d 475, 216 Ill.Dec. 773, 665 N.E.2d 1330, 1336-37 (1996); *but see Herrera v.*

7

*Collins*, 506 U.S. 390, 416-17, 113 S.Ct. 853, 869, 122 L.Ed.2d 203 (1993); *Johnson v. State*, 321 Ark. 117, 900 S.W.2d 940, 950 (1995); *State v. Watson*, 126 Ohio App.3d 316, 710 N.E.2d 340, 344-45 (1998), the district court erred in granting relief because Conway did not make a *bona fide* claim of actual innocence. Such a claim must involve "new, material, noncumulative," and []"conclusive" evidence, *Washington*, 216 Ill.Dec. 773, 665 N.E.2d at 1337, which meets an "extraordinarily high" standard, *Summerville*, 641 A.2d at 1372-75, and which "undermine[s] the prosecution's entire case," *In re Clark*, 5 Cal.4th 750, 21 Cal.Rptr.2d 509, 855 P.2d 729, 739 (1993), while Conway on collateral review merely advanced an "alternative and inconsistent" theory of defense to the one he offered at trial, a tactic our jurisprudence prohibits. *See generally State v. Juluke*, 98-0341, p. 4-5 (La.1/8/99), 725 So.2d 1291, 1293.

*State v. Conway*, 01-2808 (La. 4/12/02), 816 So.2d 290, 291

While still unsettled as to whether a non-DNA-based actual innocence claim was cognizable on post-conviction collateral review prior to the enactment of La.Code Crim.P. art. 926.2, the supreme court once again was faced with such a claim in *State v. Pierre*, 13-873, pp. 9-10 (La. 10/15/13), 125 So.3d 403, 409.

[T]he *Conway* standard requires the petitioner to satisfy the test of actual innocence established by the United States Supreme Court as the gateway for considering in federal habeas corpus review of final state court convictions claims of constitutional error otherwise procedurally barred by state law or by expiration of a statute of limitations. *McQuiggin v. Perkins*, 569 U.S. ——, 133 S.Ct. 1924, 185 L.Ed.2d 1019 (2013); *House v. Bell, supra*; *Schlup v. Delo*, 513 U.S. 298, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995). Although that standard does not require the habeas petitioner to prove factual innocence as if it were a freestanding claim, "tenable actual-innocence gateway pleas are rare: 'a petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.' " *McQuiggin*, 569 U.S. at ——, 133 S.Ct. at 1928 (quoting *Schlup*, 513 U.S. at 329, 115 S.Ct. at 868). Under this gateway standard, "the newly presented evidence may indeed call into question the credibility of the witnesses presented at trial. In such a case, the habeas court may have to make some credibility assessments." *Schlup*, 513 U.S. at 330, 115 S.Ct. at 868. A credible gateway claim nevertheless requires " 'new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial.' " *House*, 547 U.S at 537, 126 S.Ct. at 2077 (quoting *Schlup*, 513 U.S. at 324, 115 S.Ct. at 865).

In *State v. Tyson*, 21-1086, p. 1 (La. 1/26/22), 331 So.3d 901, 901, the supreme court addressed the denial of an actual innocence PCR claim filed prior to August 1, 2021, stating: "Denied. Applicant fails to show that she is actually innocent pursuant to the standards provided in *State v. Conway*, 01-2808 (La. 4/12/02), 816 So.2d 290, and *State v. Pierre*, 13-0873, (La. 10/15/13), 125 So.3d 403."

We likewise find that Defendant's post-conviction relief claim of actual innocence was properly denied based on the standards set forth in *Conway* and *Pierre*. The affidavit of Thomas was not new reliable evidence to support such a claim. The same would be true analyzed under the current statutory provisions. "A recantation of prior sworn testimony may be considered if corroborated by the evidence required by Subparagraph (1)(a) of this Paragraph. However, a recantation of prior sworn testimony cannot form the sole basis for relief pursuant to this Article." La.Code Crim.P. art 926.2(B)(2). This is in line with pronouncements from our supreme court that has "consistently held that recantations of trial testimony should be looked upon with the utmost suspicion." *State v. Clayton*, 427 So.2d 827, 830 (La. 9/7/1982).

Based upon our prior writ ruling where we remanded "for a hearing at which the trial court should address whether an exception to La.Code Crim.P. art. 930.8's time limitation was established based on the affidavit of Jesse Thomas, and if so, whether there is merit to Relator's claim[,]" this was the only issue before the trial court. *State v. Nash*, 19-650. However, the trial court went further, somehow concluding that the affidavit of the recanting witness provided a new basis to allow Defendant to relitigate his claims of ineffective assistance of counsel and that his plea was not freely and voluntarily made, issues long before decided, both on direct appeal and in prior writ decisions. We find the trial court committed error in so concluding. Nothing about the affidavit of a recanting former co-defendant provided

9

any new basis for a claim of ineffective assistance of counsel, nor did it relate in any way to the constitutionality of the plea of guilty.

On July 27, 2022, the trial court discussed the affidavit from Jesse Thomas as it related to the ineffective assistance of counsel claim and whether the plea was constitutionally made. The trial court held as follows:

> The question before the Court was whether or not the Affidavit of Mr. Thomas, who testified against him, qualifies as an exception to the limitation - - I mean to the time limitations of the Code of Criminal Procedure Article 930.8. And the Court finds that the Affidavit does qualify as an Exception to the time limitations. That affidavit obviously speaks to your innocence and I've already given my commentary on the theory of innocence and lack of scientific evidence[.]

The trial court continued:

> I reviewed the transcript from your plea as well as the transcript from the sentencing. You adamantly told the judge, I am accepting responsibility for the attempted armed robbery on one of the charges. But you said I didn't stick a gun in that teacher's face, I don't know anything about a stroller. You were adamant about that and your lawyer, who I know very well, I work with him, he's an excellent lawyer, he's very competent. He - - I felt that he was ineffective in allowing you to plea to a charge where you're adamantly telling the judge, I don't know anything about that.

Finally, the trial court concluded the hearing by stating:

> They could've taken you to trial. They couldn't have took the plea. They could've did whatever they want to do.
>
> Now, that's for the next level of this. I understand that's not what I'm determining today, but I find this record reprehensible in many ways. What's going to happen to you, I don't know. I don't know what they're gonna do, whether they're gonna bill or y'all are gonna negotiate - - I don't know what's gonna happen. I suggest y'all negotiate. That's from me to you, but that being said, I'm going to find that that was timely. The 3rd Circuit asked me to determine. It was timely as an Exception to 930.8 and you guys can move forward accordingly.
>
> . . . .
>
> Let me make sure the record is clear. I'm granting the Motion for Post-Conviction Relief as to the attempted armed robbery charge as to that one - - as to the one before the Court today, the attempted armed robbery.

10

The ruling was in error, as this court had previously rejected this claim in the prior writ decision. Per our instructions on remand, the issue of ineffective assistance of counsel was no longer before the trial court. Accordingly, the writ is granted and made peremptory as to the claim of ineffective assistance of counsel and Defendant's application for post-conviction relief is denied and dismissed, with prejudice.

**WRIT GRANTED AND MADE PEREMPTORY. APPLICATION FOR POST-CONVICTION RELIEF DENIED.**